

S

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATCH CURVE, INC., | Case No. CV 05-04820 DDP (AJWx) |
| Plaintiff, | **ORDER DENYING MOTION TO TRANSFER** |
| v. | [Motion filed on 02/02/06] |
| VENALI, INC., | |
| Defendants. | |

This matter is before the Court on the defendant's motion to transfer venue to the Southern District of Florida pursuant to 28 U.S.C. section 1404(a). After reviewing the papers submitted by the parties and hearing oral argument, the Court denies the motion.

I.   BACKGROUND

The plaintiff, Catch Curve, Inc., ("Catch Curve") is a Delaware corporation with its principal place of business in Atlanta, Georgia. (Mot. 2.) Catch Curve owns five U.S. patents involving the transmission and storage of facsimile-to-electronic messages ("fax-to-e-mail"). (Compl. 2-3.) The defendant, Venali, Inc., ("Venali") is a Florida corporation with its principal place

42

of business in Coral Gables, Florida. (Id. at 3.) Venali offers, sells, and provides fax-to-email services.

On July 1, 2005, Catch Curve filed suit against Venali alleging infringement of its five patents under 35 U.S.C. section 271. (Id. at 5-8.) In addition, Catch Curve is a plaintiff in three related patent infringement actions in the Central District of California. Catch Curve, Inc. v. CallWave, Inc., No. 05-4819; j2 Global Communications, Inc. v. Protus IP Solutions, Inc., No. 05-5610, j2 Global Communications, Inc. v. EasyTel.Net, No. 05-5785.[1] Venali now moves to transfer venue to the Southern District of Florida.

## II. DISCUSSION

### A. Legal Standard

Motions for change of venue based on convenience are governed by 28 U.S.C. section 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, even when venue is proper where the action is pending, section 1404(a) provides the Court with the discretion to transfer an action to a different venue under certain circumstances.

The analysis for transfer is two-fold. First, the defendant must establish that the matter "might have been brought" in the district to which transfer is sought. 28 U.S.C. § 1404(a). This includes demonstrating that subject matter jurisdiction, personal

---

[1] Venali asserts that Catch Curve has brought five patent infringement actions in this district. (Mot. 3.)

jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought. Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960).

Second, the Court must balance three general factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice. The Court construes these factors broadly to consider the specific facts appropriate in a given case. E. & J. Gallo Winery v. F. & P.S.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994).

Substantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the "convenience" and "justice" factors set forth above weigh heavily in favor of venue elsewhere. Sec. Investor Prot. Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985). The party seeking the transfer bears the burden of persuasion. HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1307 n.2 (Fed. Cir. 1999); Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

A transfer will not be granted if it would merely transfer the burden from one party to the other. The moving party must demonstrate that the present forum will result in a clear balance of inconvenience to him or her. Harris Trust & Sav. Bank v. SLT Warehouse Co., 605 F. Supp. 225, 227 (N.D. Ill. 1985). However, deference to the plaintiff's choice of forum is diminished if the moving party establishes one or more of the following factors: (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not

3

substantially connected to the forum. Steelcase Inc. v. Haworth Inc., 1996 U.S. Dist. LEXIS 20674, at *5 (C.D. Cal. 1996).

B. Analysis

The Court first considers whether venue is proper in both the transferor and transferee districts. Venali does business in the Central District of California, where Catch Curve alleges that the infringement occurred. (Ans. 2.) Thus, venue is proper in the transferor district pursuant to 28 U.S.C. sections 1391(b),(c), and 1400(b). Furthermore, because Venali is a resident of Florida, the instant action might have been brought in the Southern District of Florida pursuant to 28 U.S.C. section 1400(b).[2] Since venue is proper in both the transferor and transferee districts, the Court balances three general factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice.

1. Convenience of the Parties

In determining the convenience of the parties, the Court gives deference to the plaintiff's choice of forum. The plaintiff's choice is given less weight where the plaintiff is a nonresident or the chosen forum lacks any significant contact with the activities giving rise to the litigation. Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968).

Several factors weigh against substantial deference to Catch Curve's choice of forum. First, neither party is a primary resident of California. Second, Venali's allegedly infringing activities

---

[2] Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b).

4

generally occurred in Florida, the location of its systems and operations. Third, there is no substantial connection between the subject matter of the litigation, Catch Curve's patents, and the Central District of California. Based on these factors, Catch Curve's choice of forum is only entitled to minimal deference. Because neither party is located in or near California, this factor weighs in favor of transfer.

### 2. Convenience of Witnesses

Venali contends that the Southern District of Florida is a more convenient venue for witnesses because all Venali's employees are located in Florida, and Catch Curve's employees are located nearby in Georgia. (Mot. 8-9.) However, the Federal Circuit has held that the location of a defendant's employees "is not as important a factor as it would be if they were not under the defendant's control[.]" HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1307 n.2 (Fed. Cir. 1999).

Furthermore, Venali has raised the affirmative defense of invalidity. (Ans. 5-6.) Evidence of validity of a patent comes in large part from testimony of the inventors. Catch Curve contends that California is a more convenient venue for the inventors who are non-party witnesses living in California and Hawaii[3]. (Opp'n 6.)

In balancing the convenience of witnesses, courts must consider not only the number of witnesses, but also the nature and quality of their testimony. The convenience of non-party witnesses

---

[3] Venali argues that Catch Curve has not proven that the inventors live in California and Hawaii. However, Venali, as the moving party, has the burden of showing that a transfer of venue would be more convenient for the non-party witnesses.

5

is a more important factor than the convenience of party witnesses. Saleh v. Titan Corp., 361 F.Supp. 2d 1152, 1160 (S.D. Cal. 2005).

The inventors are likely to be key non-party witnesses, and they live in California and Hawaii. The witnesses in Florida appear to be employees. Convenience of employees is less important than the convenience of non-party witnesses. For these reasons, the convenience of witnesses weighs against transfer of venue.

### 3. Interests of Justice

The "interest of justice" factor involves a balancing of several considerations. These considerations include, but are not limited to, the following: (1) relative ease of access to proof, (2) judicial economy, (3) availability of compulsory processes, (4) docket congestion, and (5) the differences in the costs of litigation in the two forums.

#### a. Relative Ease of Access to Proof

On the issue of access to evidence, Venali argues that all relevant documents concerning Venali's allegedly infringing system are located in Florida. (Mot. 8.) However, a jury can understand an allegedly infringing system by "flow charts, independent descriptions presented by consultants and end-users, [or] from simple descriptions..." Manchak v. Bio Gro Systems, Inc., 1993 U.S. Dist. LEXIS 20454, at *10 (C.D. Cal. 1993). Furthermore, Venali makes no mention of the location of evidence concerning the validity of Catch Curve's patents. This factor weighs against transfer.

#### b. Judicial Economy

In determining whether to transfer a case, courts look to judicial economy. Courts seek to avoid duplicative litigation and

6

to prevent waste of time and money. Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). Catch Curve has three pending patent infringement actions in this Court involving the same patents. Judicial economy weighs heavily in favor of keeping two or more related patent actions in the same forum. Broadcom Corp. v. Agere Systems, Inc., No. 03-02197, 2003 WL 21982473, at *1 (N.D. Cal. 2003) (holding that as the technology will be the same for all patents, having all the patents before a single judge will obviate the need for duplicative time-consuming tutorials).

Venali contends that the judicial economy of litigating related actions in the same district does not apply because Catch Curve already has six related patent infringement actions pending in the Northern District of Georgia. (Reply 3-4.) However, Venali moves to transfer this action to the Southern District of Florida where Catch Curve has not filed a related patent infringement action. Contrary to Venali's argument, transferring this case to Florida would necessarily create duplicative proceedings and increase the potential for inconsistent results. Thus, this factor weighs against transfer.

    c. *Availability of Compulsory Process*

One of Venali's principal software developers is a resident of Florida and has given notice to leave Venali's employ as of late March 2006. (Carey Decl. ¶ 8.) Venali believes that this witness will not appear willingly, and it will need to draw upon a court's subpoena power. Venali argues that this Court will not be able to compel the witness' appearance at trial to testify on issues of infringement. Similarly, Catch Curve contends that one of the inventors is a resident of California (McLaughlin Decl. ¶ 9), and

that the Southern District of Florida would not be able to compel his appearance at trial to testify on issues of validity. Consequently, this factor is neutral.

### d. Docket Congestion

The state of the trial calendars in the two potential forums can be a factor in determining the more appropriate venue. Kasey v. Molybdenum Corp., 408 F.2d 16, 20 (9th Cir. 1969). Venali includes in its pleadings an excerpt of "U.S. District Courts - Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Deposition During the 12-Month Period Ending March 31, 2005," showing median time intervals of different stages of litigation for each district. (Carey Decl., Ex. G. at 101-04.) Statistics show that cases in the Central District of California have (1) a median overall duration 1.7 months greater than the Southern District of Florida; (2) a median pretrial duration 0.2 months greater than the Southern District of Florida ; and (3) a median trial duration 3.1 months greater than the Southern District of Florida. (Id. at 104.)

While there is less docket congestion in the Southern District of Florida, the difference in time interval is insubstantial and does not warrant a transfer of venue. Accord Guthy-Renker Fitness, 179 F.R.D. 264, 273 (C.D. Cal. 1998) (holding that a difference of two months in median time to trial did not warrant transfer). Accordingly, this factor is neutral.

### e. Cost of Litigation

The defendant argues that transferring the case to Florida will reduce costs of litigation. Because the parties, many of the witnesses, and evidence are located in Georgia and Florida, it will

be less expensive to litigate in the Southeast. (Mot. 10.) This factor weighs in favor of transfer.

    f. <u>Summary</u>

  For reasons of judicial economy, the Court denies the motion to transfer. Because there are multiple cases in this Court examining the same patents, this matter should remain here despite the increased costs and potential inconvenience of litigation in California.

## III. CONCLUSION

  Based on the foregoing, the Court denies Venali's motion to transfer venue to the Southern District of Florida.

IT IS SO ORDERED.

Dated: 2-27-06

                _____
                DEAN D. PREGERSON
                United States District Judge