1   Robert A. Sacks (SBN 150146)
    sacksr@sullcrom.com
2   Brian R. England (SBN 211335)
    englandb@sullcrom.com
3   Edward E. Johnson (SBN 241065)
    johnsonee@sullcrom.com
4   SULLIVAN & CROMWELL LLP
    1888 Century Park East, Suite 2100
5   Los Angeles, California 90067-1725
    Tel.:  (310) 712-6600
6   Fax:  (310) 712-8800

7   Frank L. Bernstein (SBN 189504)
    fbernstein@kenyon.com
8   KENYON & KENYON LLP
    333 West San Carlos Street, Suite 600
9   San Jose, California 95110
    Tel.:  (408) 975-7500
10  Fax:  (408) 975-7501

11  Attorneys for Plaintiff and Counterclaim-
    Defendant CATCH CURVE, INC. and
12  Third Party Defendant j2 GLOBAL
    COMMUNICATIONS, INC.

13

14              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
15

16  CATCH CURVE, INC.,                    )   Case No. CV 05-4820 DDP (AJWx)
                                          )
17                     Plaintiff          )   **PLAINTIFF CATCH CURVE,**
                                          )   **INC. AND THIRD PARTY**
18            v.                          )   **DEFENDANT j2 GLOBAL**
                                          )   **COMMUNICATIONS, INC.'S**
19  VENALI, INC.                          )   **NOTICE OF MOTION AND**
                                          )   **MOTION TO STRIKE;**
20                     Defendant.         )   **MEMORANDUM OF POINTS**
                                          )   **AND AUTHORITIES IN**
21  _____         )   **SUPPORT THEREOF**
                                          )
22                                        )
    AND RELATED CROSS-ACTION              )   Date:      January 7, 2007
23  AND THIRD PARTY COMPLAINT             )   Time:      10:00 a.m.
                                          )   Courtroom:  3
24  _____         )

25

26

27

28

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 7, 2007, at 10:00 a.m., or as soon thereafter as the matter may be heard in the United States District Court, Central District of California, located at 312 N. Spring Street, Los Angeles, California, 90012, Plaintiff and Counterclaim-Defendant Catch Curve, Inc. and Third Party Defendant j2 Global Communications, Inc., through their undersigned counsel, will, and hereby do, move to strike Paragraphs 103-105, 108-111, 124-128, and 135-162; and Paragraphs G, H, I, J(2) and J(3) of the Prayer for Relief of Defendant Venali, Inc.'s Amended Counterclaim and Third Party Complaint, pursuant to Fed. R. Civ. P. 12(f).

This Motion will be based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Edward E. Johnson filed herewith, the complete files and records in this action, and such additional material as may be considered at the hearing.

- 1 -

MOTION TO STRIKE

1        This Motion is made following the conference of counsel pursuant to

2   L.R. 7-3 which took place on September 19, 2007, and has been the subject of

3   ongoing discussions and correspondence between the parties since that time.

4   Dated:  November 30, 2007           Respectfully submitted,

5

6

7                                       *Robt A. Sacks /EEJ*
                                        _____
                                        Robert A. Sacks (SBN 150146)

8                                       Brian R. England (SBN 211335)
                                        Edward E. Johnson (SBN 241065)

9   Of Counsel:                         SULLIVAN & CROMWELL LLP
    Jeffrey S. Gerchick                 1888 Century Park East

10  KENYON & KENYON LLP                 Los Angeles, California 90067-1725
    1500 K Street, N.W.                 (310) 712-6600

11  Suite 700                           (310) 712-8800 facsimile
    Washington, D.C.  20005-1257

12  (202) 220-4200                      Frank L. Bernstein (SBN 189504)
    (202) 220-4201 facsimile            KENYON & KENYON LLP

13                                      333 West San Carlos Street, Suite 600
                                        San Jose, California 95110

14                                      (408) 975-7500
                                        (408) 975-7501 facsimile

15                                      Attorneys for Plaintiff and Counterclaim
                                        Defendant CATCH CURVE, INC. and

16                                      Third Party Defendant j2 GLOBAL
                                        COMMUNICATIONS, INC.

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

MOTION TO STRIKE

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff and Counterclaim-Defendant Catch Curve, Inc. ("Catch Curve") and Third Party Defendant j2 Global Communications, Inc. ("j2") respectfully submit this Motion to Strike Paragraphs 103-105, 108-111, 124-128, and 135-162; and Paragraphs G, H, I, J(2) and J(3) of the Prayer for Relief of Defendant Venali, Inc.'s ("Venali") Corrected Answer to Complaint and Amended Counterclaim and Third Party Complaint (Docket No. 64) ("Counterclaim or Countercl."), pursuant to Fed. R. Civ. P. 12(f).

### **Introduction**

Venali's Counterclaim originally contained eight causes of action.  It is now down to three: one was dismissed pursuant to Catch Curve and j2's Rule 12(b)(6) motion, and four more were dismissed by Venali.  Yet, despite admitting that a significant number of the allegations in the Counterclaim are no longer relevant to this case, Venali refuses to amend its Counterclaim to excise the dismissed claims and other now-irrelevant allegations.  The irrelevant allegations can serve no purpose other than to prejudice j2 and Catch Curve by placing inflammatory, false and irrelevant allegations in front of the jury, which they will have no opportunity to rebut, and which Venali will not even try to prove.  Accordingly, the allegations should be stricken.

### **Background**

Venali filed its Corrected Counterclaim and Third Party Complaint on January 8, 2007.  (Docket No. 64.)  On February 16, 2007, Catch Curve and j2 moved to dismiss most counts of the Counterclaim.  (Docket No. 71.)  On May 3, 2007, the Court granted the motion to dismiss as to Count Three, Tying, with leave to amend, and denied the motion as to the remaining counts.  (Docket No. 78.)

At the hearing on Catch Curve and j2's motion to dismiss, counsel for Venali indicated that Venali planned to attempt to re-plead its tying claim. (Declaration of Edward E. Johnson ("Johnson Decl."), Exhibit A [April 30, 2007

1  Hearing Transcript] at 4:20-22.)  Accordingly, Catch Curve and j2 delayed filing

2  their answers to Venali's Counterclaim, pending Venali filing an amended

3  counterclaim.  Weeks later, however, Venali decided not to re-plead.

4        A short time later, and following discussions and correspondence

5  between the parties over the course of several weeks, Venali offered to dismiss its

6  tortious interference claims (counts five and six), trademark claim (count seven)

7  and unfair competition claim (count eight).  On August 22, 2007, the parties filed a

8  joint stipulation dismissing counts five, six and seven of the Counterclaim.  (Docket

9  No. 82.)  On November 29, 2007, the parties filed a joint stipulation dismissing

10  count eight of the Counterclaim.  (Docket No. 86.)

11        On September 19, 2007, counsel for Catch Curve and j2 deposed a

12  corporate representative of Venali pursuant to Fed. R. Civ. P. 30(b)(6).[1]  During the

13  deposition, Venali's representative confirmed that Paragraphs 103-105, which

14  relate to the dismissed tying claim, are "out of the case."  (Johnson Decl. Exh. B

15  [O'Keefe Dep.] at 161:17-23.)  Venali's representative further confirmed that

16  Venali is not relying on Paragraphs 108-111, which relate to the dismissed tortious

17  interference claims, to support its remaining antitrust claims, and therefore that

18  those allegations are not "operative."  (*Id.* at 113:5-10, 128:2-25.)  In light of the

19  testimony that Paragraphs 103-105 and 108-111 are no longer in the case, Catch

20  Curve and j2 did not question Venali's representative concerning those allegations

21  and have stopped conducting discovery concerning them.

22        Shortly after the deposition, Catch Curve and j2 asked Venali to

23  amend its Counterclaim to remove the dismissed claims and other allegations that

24  Venali had admitted were no longer part of the case.  Venali failed to respond for

25

26

27  [1]  Venali designated its lead outside litigation counsel, Douglas O'Keefe of

28  Carey, Rodriguez, Greenberg & Paul LLP, as its corporate representative to testify regarding its counterclaims.

-2-

1   over a month, and then refused, without providing any justification for its refusal.[2]

2   This motion followed.

3   **<u>Argument</u>**

4   Fed. R. Civ. P. 12(f) provides that a court "may order stricken from

5   any pleading . . . any redundant, immaterial, impertinent, or scandalous matter."

6   "'Immaterial' matter is that which has no essential or important relationship to the

7   claim for relief or the defenses being pleaded. 'Impertinent' matter consists of

8   statements that do not pertain, and are not necessary, to the issues in question."

9   *Fantasy, Inc.* v. *Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotations

10  and citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994).

11  The paragraphs that this Motion seeks to strike relate to Venali's third,

12  fifth, sixth, seventh and eighth causes of action, all of which have been dismissed

13  by order of the Court. (Docket Nos. 78, 82.)  Paragraphs 124-128 and 135-162 are

14  the dismissed causes of action themselves.  Paragraphs G, H, I, J(2) and J(3) of the

15  Prayer for Relief seek relief based specifically on the dismissed causes of action.

16  And, Venali admits that Paragraphs 103-105 and 108-111 relate solely to dismissed

17  causes of action and are no longer a part of the case.  (Johnson Decl. Exh. B

18  [O'Keefe Dep.] at 113, 128, 161.)  Because they relate to dismissed claims, these

19  allegations have no relationship to the issues in question in this case and should be

20  stricken as immaterial and impertinent. *See Sedaghatpour* v. *California*, No. C-07-

21

22  _____

[2]   The last of several letters to Venali asking it to amend its Counterclaim is
attached as Exhibit C to the Johnson Declaration filed herewith.  Venali's

23  response refusing to amend its Counterclaim is attached as Exhibit D.  Rather
than responding to Catch Curve and j2's request, Venali threatened to move

24  for entry of default because j2 and Catch Curve did not answer the
Counterclaim within ten days of this Court's order granting in part their Rule

25  12(b)(6) motion.  In light of (i) Venali indicating at the hearing that it
intended to file an amended counterclaim; (ii) Venali taking weeks to notify

26  Catch Curve and j2 otherwise; (iii) Venali dismissing four of its seven
remaining claims shortly thereafter; and (iv) Venali taking more than a

27  month to respond when Catch Curve and j2 asked that it amend its
Counterclaim so that they could file answers, the suggestion that Catch Curve

28  and j2 should be defaulted after over two years of active litigation is
frivolous.

1   01802, 2007 WL 2947422, at *3 (N.D. Cal. Oct. 9, 2007) (striking allegations

2   concerning a defendant who was dismissed from the case).

3         Additionally, Catch Curve and j2 will be unfairly prejudiced should

4   these allegations not be stricken.  The dismissed claims and supporting allegations

5   assert that Catch Curve and j2 injured Venali by engaging in an assortment of

6   illegal practices.  But, because Venali has opted to dismiss these claims rather than

7   attempt to prove them, the allegations will not be the subject of proof at trial and j2

8   and Catch Curve will have no opportunity to rebut them.  Thus, by leaving them in

9   the Counterclaim and thereby placing them before the jury, Venali would

10  potentially be able to rely on unproven, unchallengeable assertions to influence the

11  jury in its favor.  Such potential prejudice is grounds to strike the irrelevant

12  paragraphs.  *See State of California Dept. of Toxic Substances Control* v. *Alco Pac.,*

13  *Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (the possibility that "superfluous

14  pleadings will cause the trier of fact to draw unwarranted inferences at trial is the

15  type of prejudice that is sufficient to support the granting of a motion to strike.")

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

## Conclusion

For the foregoing reasons, Catch Curve and j2 respectfully request that Paragraphs 103-105, 108-111, 124-128, and 135-162; and G, H, I, J(2) and J(3) of the Prayer for Relief be stricken from Venali's Amended Counterclaim and Third Party Complaint.

Dated:  November 30, 2007          Respectfully submitted,


                                   _Rut A. Sako /EEJ_
                                   _____
                                   Robert A. Sacks (SBN 150146)
                                   Brian R. England (SBN 211335)
                                   Edward E. Johnson (SBN 241065)
                                   SULLIVAN & CROMWELL LLP
Of Counsel:                        1888 Century Park East
Jeffrey S. Gerchick                Los Angeles, California 90067-1725
KENYON & KENYON LLP                (310) 712-6600
1500 K Street, N.W.                (310) 712-8800 facsimile
Suite 700
Washington, D.C.  20005-1257       Frank L. Bernstein (SBN 189504)
(202) 220-4200                     KENYON & KENYON LLP
(202) 220-4201 facsimile           333 West San Carlos Street, Suite 600
                                   San Jose, California 95110
                                   (408) 975-7500
                                   (408) 975-7501 facsimile

                                   Attorneys for Plaintiff and Counterclaim
                                   Defendant CATCH CURVE, INC. and
                                   Third Party Defendant j2 GLOBAL
                                   COMMUNICATIONS, INC

- 5 -