```
 1  Robert A. Sacks (SBN 150146)
    sacksr@sullcrom.com
 2  Brian R. England (SBN 211335)
    englandb@sullcrom.com
 3  Edward E. Johnson (SBN 241065)
    johnsonee@sullcrom.com
 4  SULLIVAN & CROMWELL LLP
    1888 Century Park East, Suite 2100
 5  Los Angeles, California 90067-1725
    Tel.:  (310) 712-6600
 6  Fax:   (310) 712-8800

 7  Frank L. Bernstein (SBN 189504)
    fbernstein@kenyon.com
 8  KENYON & KENYON LLP
    333 West San Carlos Street, Suite 600
 9  San Jose, California 95110
    Tel.:  (408) 975-7500
10  Fax:   (408) 975-7501
```

*Attorneys for Plaintiff and Counterclaim Defendant Catch Curve, Inc, and Third Party Defendant j2 Global Communications, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATCH CURVE, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>VENALI, INC.,<br><br>                    Defendant.<br><br>_____<br><br>AND RELATED CROSS-ACTION AND THIRD PARTY COMPLAINT<br>_____ | Case No. CV 05-4820 DDP (AJWx)<br><br>**CATCH CURVE, INC. AND J2 GLOBAL COMMUNCATIONS, INC.'S  EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DOUGLAS L. O'KEEFE IN SUPPORT VENALI'S MOTION FOR ATTORNEYS FEES**<br><br>Judge:       Hon. Dean D. Pregerson<br>Date:        October 20, 2008<br>Time:        10:00 a.m.<br>Courtroom: 3 |

Plaintiff and Counterclaim Defendant Catch Curve, Inc. ("Catch Curve") and Third-Party Defendant j2 Global Communications, Inc. ("j2") respectfully submit these Evidentiary Objections to the Declaration of Douglas L. O'Keefe, submitted by Venali, Inc. ("Venali") in support of its Motion for Attorneys Fees.

| Testimony | Page, Par. | Specific Objections |
|---|---|---|
| In light of the May 11, 2007 claim construction order, on May 17, 2007 I requested Catch Curve to stipulate to entry of judgment of non-infringement. I notified counsel for Catch Curve that if Catch Curve refused to stipulate to the judgment of non-infringement, the parties would be forced to needlessly incur substantial fees and costs to reach the inevitable result of a judgment of non-infringement, and that Venali would seek reimbursement of its fees pursuant to 35 U.S.C. § 285 and pursuant to 28 U.S.C. § 1927. A meet and confer was held on May 23, 2007 during which counsel for Catch Curve stated that Catch Curve refused to stipulate to a judgment of non-infringement, even if Venali would agree that Catch Curve could still appeal the claim construction ruling. | 2, ¶ 5 | Irrelevant; Argumentative. |

| | | |
|---|---|---|
| Days before the close of fact discovery, on November 24, 2007, Catch Curve filed Further Supplemental Responses to Interrogatories in which it dropped its allegations of infringement of four of the five patents in suit and twenty-nine of the thirty-four claims in suit. On November 26, 2007 I requested counsel for Catch Curve to stipulate to partial judgment of non-infringement on the abandoned patents and the abandoned claims. Catch Curve refused. | 2, ¶ 6 | Irrelevant. |
| Without limitation as to exact amounts expended, this litigation has cost Venali well over $1,000,000. | 3, ¶ 9 | Lacks foundation; Best evidence rule; Irrelevant. |

-2-

## CONCLUSION

For the foregoing reasons, j2 and Catch Curve respectfully request that the foregoing paragraphs of the Declaration of Douglas L. O'Keefe in support of Venali's Motion for Attorneys Fees be stricken.

Dated: September 30, 2008

Respectfully submitted,

*/s/ Robert A. Sacks /EEJ/*
Robert A. Sacks (SBN 150146)
Brian R. England (SBN 211335)
Edward E. Johnson (SBN 241065)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067-1725
(310) 712-6600
(310) 712-8800 facsimile

Of Counsel:
Jeffrey S. Gerchick
KENYON & KENYON LLP
1500 K Street, N.W.
Suite 700
Washington, D.C. 20005-1257
(202) 220-4200
(202) 220-4201 facsimile

Frank L. Bernstein (SBN 189504)
KENYON & KENYON LLP
333 West San Carlos Street, Suite 600
San Jose, California 95110
(408) 975-7500
(408) 975-7501 facsimile

*Attorneys for Plaintiff and Counterclaim Defendant Catch Curve, Inc. and Third Party Defendant j2 Global Communications, Inc.*